Honorable Judge Frank L. Kurtz
Response Date:  June 15, 2007

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Allen C Loun and<br>Michelle E Loun<br><br><br>     Debtors. | Chapter 7 Bankruptcy<br><br>Case No. 07-01632-FLK7<br><br>MOTION FOR RELIEF FROM STAY<br>By Countrywide Home Loans, Inc. |

### I.  Introduction

COMES NOW, Countrywide Home Loans, Inc., its successors in interest, agents, assigns and assignors ("Creditor") and moves this court for an order terminating the automatic stay, and allowing Creditor to proceed with and complete any and all contractual and statutory remedies incident to its security interests held in real property commonly described as 11614 227th Avenue Southast, Monroe, Washington 98272 ("Property"), and legally described as set forth in the Deed of Trust attached as an Exhibit to this motion.  Creditor further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Creditor's secured position.

### II.  Parties in Interest

On or about February 18, 2005, Allen C Loun and Michelle E Loun ('Debtor' collectively hereafter), executed and delivered a note in favor of Mortgage Electronic Registration Systems, Inc. in the original principal amount of $335,340.00.

The indebtedness under the note is secured by a deed of trust recorded against the Property.  A copy of the deed of trust is attached as Exhibit A and incorporated by this reference.

Motion For Relief From Stay
Page - 1

**R O U T H   C R A B T R E E   O L S E N , P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Creditor is the current holder of the note or services the note for the current holder.

### III. Default

Debtor is in default pursuant to the terms of the note for failure to make the required payments. Payments are credited as last received to first due. Creditor's loan status reflects payments now owing due after February 1, 2007. The following is a breakdown of the default:

| Date of Contractual Payments | Amount | Total |
|---|---|---|
| February 1, 2007 to March 1, 2007 | $1,562.25 | $3,124.50 |
| April 1, 2007 to May 1, 2007 | $1,649.21 | $3,298.42 |
| Accrued Late Charges | $57.97 | $231.88 |
| **Total Default** | | **$6,654.80** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Creditor's counsel directly for a reinstatement quote.

### IV. Estimate of Obligation

The approximate amount owed under the terms of the note is $361,521.58. The following is an itemization of this approximate amount:

| | |
|---|---|
| Principal Balance | $350,138.04 |
| Accrued Interest | $11,151.66 |
| Accrued Late Charges | $231.88 |
| **Total Due** | **$361,521.58** |

This total is an approximation of the lien. This estimate is provided only for the purposes of this motion and cannot be relied upon for any other purpose, including tender of payoff. An exact, itemized payoff figure will be obtained from Creditor upon written request to counsel for the Creditor.

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

## V.    Value of the Property

The tax assessed value of the property is $302,200.00.

## VI.    Authority

Under 11 U.S.C. § 362 (d)(1), on request of a party in interest, the Court shall terminate, annul, modify or condition the stay for cause, including the lack of adequate protection. Adequate protection is lacking in cases where there is an insufficient equity cushion in the subject property. In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a loss in the event of a decrease in value while the property is encumbered by the automatic stay. In re Mellor, 734 F.2d 1296, 1400 fn. 2 (9th Cir. 1984). In determining the amount of value in property, the likely costs of sale or liquidation must be considered. In re Faires, 34 Bankr. 549, 550 (Bankr. W.D. Wash. 1983). In the case at bar, considering the value of the Property, Creditor's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and thus Creditor lacks adequate protection.

Under 11 U.S.C § 362 (d)(2), on request of a party in interest, the Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the Property and the Property is not necessary for an effective reorganization. In the case at bar, the value of encumbrances, including all liens and costs of liquidation, together with available exemptions, exceed the value of the property such that there is no equity available for the estate. Because the Debtor has chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order on Relief from Stay will not adversely affect the prospects of reorganization.

Also, cause to terminate the automatic stay, under 11 U.S.C. §362(d)(1), exists in Debtor's continued failure to make payments towards the obligation. In re Black, 58 Bankr. 60, 62 (Bankr. E.D. Pa. 1986). In the case at bar Debtor has failed to make the required payments as due under the terms of the note and thus there is cause to lift the stay.

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

### VII.   Conclusion

THEREFORE, Creditor requests this Court enter an order terminating the automatic stay pursuant to 11 U.S.C. § 362 and that Creditor be allowed to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interests held in the Property.   Creditor further requests that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Creditor's secured position.


DATED: May 31, 2007.

**ROUTH CRABTREE OLSEN, P.S.**


By:_/s/ ___Lance E. Olsen_____
Lance E. Olsen, WSBA# 25130
Attorneys for Countrywide Home Loans, Inc.

Motion For Relief From Stay
Page - 4

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131